**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

VALERIE Y. BARNES                                    Case No. 1:23-cv-182

     Plaintiff,                                          McFarland, J.
                                                      Bowman, M.J.
         v.

CAPITAL ONE FINANCIAL
CORPORATION, ET AL.,

     Defendants

**REPORT AND RECOMMENDATION**

Proceeding pro se, Plaintiff Valerie Barnes filed suit on March 31, 2023 against three Defendants: Capital One Financial Corporation ("Capital One"),[1] Weltman Weinberg & Reis Co., LPA ("Weltman"), and Jill A. Keck ("Keck") based on alleged violations of the Fair Debt Collection Practices Act and two federal criminal statutes. In lieu of an answer, Capital One moved to dismiss the complaint for failure to state a claim. (Doc. 14). Defendants Weltman and Keck similarly moved to dismiss the complaint under Rule 12(b)(6). (*See* Docs. 16, 18). The pending motions have been referred to the undersigned magistrate judge. (Doc. 7). For the reasons below, both motions to dismiss should be granted.

## I.    Standard of Review Under 12(b)(6)

The standard of review applicable to a Rule 12(b)(6) motion to dismiss requires this Court to "construe the complaint in the light most favorable to the nonmoving party,

---

[1]Defendant states that Plaintiff has misidentified it as "Capital One Financial Corporation." It identifies itself as "Capital One, N.A." (Doc. 14, PageID 66). In response, Plaintiff asserts that "Capital One Financial Corporation is a financial institution in which Capital One Bank (USA), National Association is a primary subsidiary." (Doc.19, PageID 221). She suggests that together they are a single entity, "Capital One." (*Id.*)

accept the well-pled factual allegations as true, and determine whether the moving party is entitled to judgment as a matter of law." *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.,* 508 F.3d 327, 336 (6th Cir. 2007). While such determination rests primarily upon the allegations of the complaint, "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." *Amini v. Oberlin Coll.,* 259 F.3d 493, 502 (6th Cir. 2001) (quoting *Nieman v. NLO, Inc.,* 108 F.3d 1546, 1554 (6th Cir. 1997)) (emphasis omitted).

Although the pleading standard does not require "'detailed factual allegations,' ... [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter ... to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient

2

treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)). In other words, the court "need not accept the plaintiff's legal conclusions or unwarranted factual inferences as true." *Commercial Money Ctr.,* 508 F.3d at 336.

## II.    Plaintiff's Complaint

Plaintiff alleges the existence of federal question jurisdiction under 28 U.S.C. §1331 based on the Defendants' alleged violations of several provisions of the Fair Debt Collection Practices Act ("FDCPA") and two federal criminal statutes. (Doc. 1, Complaint, PageID 3). Plaintiff alleges that she held a consumer credit card account with Capital One. She alleges that between July 26 and August 9, 2021, she sent a "notice of dispute, debt validation and cease and desist" to Defendant Capital One regarding the debt owed on that account. (Doc. 1, ¶¶ 1, 3, 5-6, Ex. 1, 2). In response, Capital One marked her account "in a cease and desist status" but allegedly did not validate the disputed debt. (*Id*., ¶4). Instead, Capital One changed or assigned her a new account number, "charge[d] off, and then closed" the account. (*Id*., ¶5). Plaintiff alleges that Capital One subsequently transferred her information to Defendant Weltman for debt collection. (*Id*., ¶6).

In March of 2022, Defendant Weltman, through Defendant Keck, an attorney employed by Weltman, filed a civil complaint against Plaintiff in Hamilton County Municipal Court. Plaintiff describes the state court complaint as an "unauthorized" action filed "on behalf of" Capital One for the alleged credit card debt of $13,353.15. (*Id*., ¶¶7-8). Without elaboration, she asserts that Weltman falsely represented the "character, amount, or legal status" of her debt and functioned as a debt collector. (*Id., ¶*9).

The state court granted summary judgment against Ms. Barnes. (*Id.*, ¶¶9-11). State court records reflect that the Municipal Court also denied her motion for relief from judgment on December 22, 2022.  The state court explained:

> [Barnes] argues that because the debt was charged off, she does not owe the purported debt. The accounting procedure of charging off debt does not absolve the defendant [Barnes] to pay the $13,365.15. [Barnes] has failed to demonstrate that she is entitled to relief under Civ. R. 60(B).

(Doc. 18-8, PageID 220). After obtaining judgment, Defendant Weltman proceeded to garnish Plaintiff's wages and filed "a lien which may encumber real property Plaintiff has interest in." (Doc. 1 at ¶¶12-13; *see also id.*, Ex. 4 and 5). Plaintiff asserts that all three Defendants' actions, collectively, violated numerous provisions of the FDCPA. *Id.*, ¶ 14. In addition, Plaintiff asserts that Defendants violated 18 U.S.C. § 1001 and 18 U.S.C. § 1028(a).

Along with the allegations of Plaintiff's complaint, this Court takes judicial notice of the publicly filed documents in the underlying state court debt collection case filed in Hamilton County Municipal Court. *See Capital One Bank USA N.A. v. Barns*, Case No. 22CV04471. Both Capital One and Defendants Weltman and Keck have attached multiple documents from that underlying state court case as exhibits to their respective motions. (*See* Doc. 14, Ex. 1-2, Doc. 16, Ex. 1-8)

### III.    Analysis

No matter how liberally construed, Plaintiff's complaint fails to state a claim against any of the Defendants.

### A.  Capital One is not a Debt Collector Under the FDCPA

Capital One's motion to dismiss persuasively argues that it is entitled to dismissal of all FDCPA claims because it is not a "debt collector" subject to the provisions of that

Act. "The FDCPA aims 'to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.'" *Cagayat v. United Collection Bureau, Inc*, 952 F.3d 749, 753 (6th Cir. 2020) (quoting 15 U.S.C. §1692(e). §§ 1692(a)-(d)). "To state a claim under the FDCPA, a plaintiff must show that a defendant violated one of the substantive provisions of the FDCPA while engaging in debt collection activity." *Clark v. Lender Processing Services*, 562 Fed. Appx. 460, 465-66 (6th Cir. 2014) (additional citation omitted).

Capital One asserts that it is a "creditor" rather than a "debt collector" under the FDCPA. A debt collector is defined under the FDCPA as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. §1692(a)(6). However, the definition does not include the consumer's creditors. *Montgomery v. Huntington Bank*, 346 F.3d 693, 698 (6th Cir. 2003) (quoting *Perry v. Stewart Title Co.,* 765 F.2d 1197, 1209 (5th Cir. 1985)).

A financial institution like Capital One that issues a credit card on which it seeks to collect payment is a "creditor" and not a  "debt collector" under the FDCPA.

> "The term 'debt collector' has a particular meaning… it refers only to persons attempting to collect debts due 'another.'" *MacDermid v. Discover Fin. Servs.,* 488 F.3d 721, 735 (6th Cir. 2007); *see also Stafford v. Cross Country Bank,* 262 F.Supp.2d 776, 794 (W.D. Ky 2003) (considering it "well-settled" that "a creditor is not a debt collector for the purposes of the FDCPA and creditors are not subject to the FDCPA when collecting their accounts"). "To this, the federal courts are in agreement: A bank that is a creditor is not

> a debt collector for the purposes of the FDCPA and creditors are not subject
> to the FDCPA when collecting their accounts." *Montgomery v. Huntington
> Bank,* 346 F.3d 693, 699 (6th Cir. 2003) (internal quotation marks omitted).
> *See also MacDermid,* 488 F.3d at 735 (credit card company is not a "debt
> collector" for purposes of FDCPA as it is the "very party to whom the debt
> is due"); *Lewis v. ACB Bus. Servs., Inc.,* 135 F.3d 389, 411 (6th Cir. 1997)
> (American Express not a "debt collector" for purposes of the FDCPA).

*Zehala v. American Exp.*, No. 2:10-cv-848, 2011 WL 4484297, at *3 (S.D. Ohio Sept. 26, 2011); *accord*, *Cooper v. Pressler & Pressler, LLP*, 912 F. Supp. 2d 178, 185 (D.N.J. 2012) (dismissing Capital One because it is a creditor not subject to the FDCPA). In addition, to the extent that Plaintiff is attempting to hold Capital One liable under the FDCPA for the collection efforts of either Weltman or Keck, her claims fail because the FDCPA does not allow claims for vicarious liability against those who are not a "debt collector." *See Wadlington v. Credit Acceptance Corp.*, 76 F.3d 103, 108 (6th Cir. 1996); *Haven-Tobias v. Eagle*, 127 F. Supp. 2d 889, 898 (S.D. Ohio 2001).

In response to Capital One's motion, Plaintiff offers several confusing and unpersuasive arguments. As best the undersigned can discern, Plaintiff argues first that she herself "is the original creditor" on her credit card account, by virtue of her signature "on the application used for the transaction." (Doc. 19, PageID 223).[2] She cites no authority for this argument, which the undersigned rejects as nonsensical.

Plaintiff's second argument suggests that under her interpretation of "federal law" Defendant Capital One had no legal authority to issue her a credit card in the first instance. (*Id*.) Based on that alleged lack of authority, she implies that the credit card agreement was void ab initio and that Capital One cannot be her creditor. (*See id*.,

---

[2]Plaintiff made similar claims in state court. *See*, *e.g*., Doc. 16-5, PageID 143, stating she "is not bound to the terms in the alleged contract because the defendant, a natural person, is the original creditor and extended credit to Capital One, a corporation." The state court also rejected Plaintiff's arguments.

"Plaintiff was deceived to believe that …Capital One extended credit without the power to do so pursuant to 12 USC 1431.") But the banking statute that Plaintiff relies on, 12 U.S.C. § 1431, does not support her unusual interpretation of federal law.

### B. No Private Right to Enforce Criminal Statutes

Building on her preceding argument that Capital One lacked legal authority to issue her a credit card, Plaintiff accuses Capital One of violating 18 U.S.C. §1005, a federal statute that criminalizes making false entries in the records of a bank with the intent to defraud. Plaintiff's complaint contains no factual allegations that hint at the relevance of Section 1005. But even if she had included such allegations, her claims would be dismissed because no private right of action exists for an alleged violation of a federal criminal statute. *See*, *e.g.*, *Am. Postal Workers Union, ALF-CIO, Detroit Loc. v. Indep. Postal Sys. of Am.*, 481 F.2d 90, 93 (6th Cir. 1973) ("a private right of action is not maintainable under a criminal statute"); *Byrd v. JPMorgan Chase Bank N.A.*, No. 2:21-cv-02447, 2022 WL 4368129, at *3 (S.D. Ohio Sept. 21, 2022) (18 U.S.C. § 1005 does not provide a private right of action). Plaintiff's contention that Defendants also have violated 18 U.S.C. §§ 1001 and 1028(a) fails for the same reasons. *See Airtrans, Inc. v. Mead*, 389 F.3d 594, 597 n.1 (6th Cir. 2004) (no private right of action under 18 U.S.C. §1001).

### C. Plaintiff's FDCPA Claims are Time-Barred

All Defendants persuasively argue that Plaintiff's FDCPA claims against them are subject to dismissal based on the applicable one-year statute of limitations. Dismissal under Fed. R. Civ. P. 12(b)(6) based on a statute of limitations defense is appropriate "when it is apparent from the face of the complaint that the time limit for bringing the claim

has passed." *Hoover v. Langston Equip. Assoc., Inc*., 958 F.2d 742, 744 (6th Cir. 1992) (internal quotation and additional citation omitted). Plaintiff's allegations against Weltman and Keck relate to their filing of a state court debt collection action against her on March 9, 2022. The complaint refers to earlier dates in terms of Plaintiff's alleged notification to Capital One of her dispute with her debt, but includes no allegations of later misconduct.

Under the FDCPA, all "claims are subject to a one-year statute of limitations." *Jodway v. Orlans, PC*, 759 Fed. Appx. 374, 379 (6th Cir. 2018) (citing 15 U.S.C. §1692k(d)). The statute of limitations begins to run when the alleged misrepresentation or violation occurs. *See Tyler v. DH Capital Mgmt*., 736 F.3d 455 (6th Cir. 2013). Plaintiff alleges that Defendants violated the FDCPA when they filed the state court lawsuit on March 9, 2022. But Plaintiff did not file this lawsuit until March 31, 2023 – a date that falls outside the one-year limitations period. Therefore, all of Plaintiff's FDCPA claims are time-barred.

In her response in opposition to dismissal on limitations grounds, Plaintiff argues that Defendants also violated various criminal code provisions, including 18 U.S.C. §1005, which "has a statute of limitations of ten (10) years." (Doc. 19, PageID 223). But the relevant statute of limitations for her FDCPA claims is not extended by the criminal code. And for the reasons previously stated, Plaintiff cannot enforce the criminal code.

### D.  The Lack of Specific Allegations to State Any FDCPA Claim

Plaintiff's claims against all three Defendants are subject to dismissal for the reasons discussed above. If those grounds were not sufficient alone for dismissal, however, Plaintiff's claims still should be dismissed based on her failure to include

8

sufficient factual allegations against any Defendant that could support her otherwise conclusory claims.

Plaintiff generally alleges that all Defendants violated the following FDCPA provisions: 15 U.S.C. § 1692b(2), 15 U.S.C. § 1692c(a), 15 U.S.C. § 1692d(l), 15 U.S.C. § 1692e, 15 U.S.C § 1692f(l), 15 U.S.C § 1692g, 15 U.S.C § 1692i, and 15 U.S.C § 1692j. In order to state a claim under the FDCPA, a plaintiff must show: "(1) that he is a 'consumer' as defined in 15 U.S.C. § 1692a(3); (2) that the "debt" arises out of a transaction which is 'primarily for personal, family or household purposes'; (3) defendant is a 'debt collector' as defined in the FDCPA; and (4) defendant has violated one of the prohibitions in the FDCPA." *Estep v. Manley Deas Kochalski*, LLC, 942 F. Supp. 2d 758, 766 (S.D. Ohio 2013), *aff'd*, 552 Fed. Appx. 502 (6th Cir. 2014) (additional citation omitted). The absence of any factor is fatal to a claim under the FDCPA. *Whittiker v. Deutsche Bank Nat. Trust Co.*, 605 F. Supp. 2d 914, 926 (N.D. Ohio 2009).

For the reasons discussed above, Plaintiff's claims against Capital One fail because she cannot show the third factor - that Defendant is a debt collector. While Weltman and Keck do not dispute that they could fall within the definition of a "debt collector,"[3] Plaintiff still fails to state any claim against them because her complaint contains no allegations to support the other elements of an FDCPA claim. Instead, the complaint consists of little more than legal conclusions, with virtually no supporting factual allegations.

---

[3] *See generally*, *Havens-Tobias v. Eagle*, 127 F. Supp. 2d 889, 895 (S.D. Ohio 2001). Plaintiff does not directly allege that Defendant Keck is a debt collector, but does allege that Defendant Weltman "used" Attorney Keck to assert a claim against Plaintiff on behalf of Capital One. (Doc. 1, ¶ 8).

For instance, with respect to the second factor, Plaintiff fails to allege that the credit card debt she incurred was a "consumer debt," that is, one that was incurred "primarily for personal, family or household purposes." *Evenson v. Palisades Collection, LLC*, No. 2:13-CV-1226, 2015 WL 3466936, at *3 (S.D. Ohio June 1, 2015). Courts within the Southern District of Ohio have found that when a plaintiff does not allege specific facts establishing that a debt was incurred for personal purposes, the complaint fails to state a claim under the FDCPA. *See Estep*, 942 F. Supp. 2d at 766-767 (evidence that plaintiffs were residing at a residence was insufficient to allege that they incurred a mortgage "to purchase the property primarily for personal family or household purposes, as opposed to some other purpose, such as for a business investment."); *Evenson*, 2015 WL 3466936, at *3-5 (alleging that a debt was owed to AT&T was insufficient to allege a consumer debt because phone services can be for business purposes). The Complaint makes no statement of how or why the credit card debt was incurred, but does allude to Plaintiff being a "Chief Financial Manager" of an unidentified entity. (Doc. 1, PageID 5). Even if Barnes made a bare conclusory statement that a debt was incurred for primarily personal, family, or household purposes, which she has not done, it would be insufficient to state a claim under the FDCPA. *See Garcia v. Primary Fin. Servs*., 605 Fed. Appx. 418, 418-19 (5th Cir. 2015) (affirming dismissal of FDCPA claims where plaintiff's recitation of statutory language was merely a recital of a cause of action); *Piper v. Meade & Associates, Inc*., 282 F. Supp. 3d 905, 912 (D. Md. 2017) (dismissing because plaintiff's conclusory statement that a debt was "incurred for personal purposes" does not sufficiently plead an FDCPA claim); *Maleh v. United Collection Bureau, Inc*., 287 F. Supp. 3d 265, 271-72 (E.D.N.Y. 2018) (compiling cases holding that "plaintiffs who recite the

statutory definition of 'debt' rather than plead facts regarding the debt's nature have not adequately pled an FDCPA claim"). Barnes has failed to allege facts to support that she incurred a debt for personal, family, or household purposes as required by the FDCPA.

Plaintiff's complaint is also subject to dismissal based on her failure to include other relevant facts to support her claims. Take the claim that Defendants violated 15 U.S.C. § 1692e. Barnes merely recites the elements of § 1692e(1)(a) (false or misleading representations), alleging that Weltman "falsely represented the character, amount, or legal status of Plaintiff's alleged debt" without including *any* supporting factual details. (Doc. 1, ¶ 9). Although a court must construe a pro se complaint liberally, the court is not required to accept legal conclusions as factual allegations. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555.

One of Plaintiff's few factual allegations is that she notified Defendant Capital One that she disputed the credit card debt. The FDCPA provides that if a consumer notifies the debt collector in writing within 30 days of receiving the initial communication that the debt is disputed or requests the name and address of the original creditor, the debt collector must cease collection of the debt. 15 U.S.C. § 1692g(b). As discussed, Capital One is a creditor and not a debt collector subject to suit under the FDCPA. And – while Weltman and Keck may be debt collectors -  Plaintiff fails to allege that she ever notified the debt collector of her dispute, she has failed to state any claim for a violation of 15 U.S.C. § 1692 *et seq*. *See Wolfe v. Bank One Corp*., 433 F. Supp. 2d 845 (N.D. Ohio 2005).

As for the alleged violation of § 1692c(a), Plaintiff alleges that without her consent, Weltman and Keck "initiated communication with Plaintiff through a civil complaint." (Doc.

1 at ¶ 7). That allegation also fails to state a claim because a complaint is not a "communication" covered by the FDCPA and therefore cannot violate the consent to communication requirement in 15 U.S.C. §1692c(a). *See* 15 U.S.C. § 1692g(d) ("a communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a)."). In short, even if this Court infers that Weltman and Keck are debt collectors who are otherwise subject to the FDCPA, Plaintiff has failed to include sufficient factual allegations in her complaint to state a claim that either Defendant engaged in specific conduct that violated any provision of the FDCPA. *See Haven-Tobias*, 127 F. Supp. 2d at 896.

### E. *Rooker-Feldman* Doctrine and Preclusion

Both motions to dismiss present two more bases for the dismissal of Plaintiff's complaint: a jurisdictional challenge and preclusion under state law.

#### 1. The *Rooker-Feldman* Jurisdictional Challenge

Defendants argue first that this Court lacks subject matter jurisdiction over Plaintiff's claims under the *Rooker-Feldman* doctrine.[4] "The *Rooker-Feldman* doctrine prevents a party who loses in state court from appealing that decision to the lower federal courts. *McCormick v. Braverman*, 451 F. 3d 382, 396 (6th Cir. 2006). In *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 125 S.Ct. 1517 (2005), the Supreme Court cautioned lower courts against overbroad application of the narrow doctrine, confirming that its application "is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by

---

[4]The doctrine derives its name from two Supreme Court cases: *Dist. Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462, 476, 103 S.Ct. 1303 (1983), and *Rooker v. Fidelity Tr. Co.*, 263 U.S. 413, 415-16, 44 S.Ct. 149 (1923)

state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id*., 544 U.S. at 284, 125 S.Ct. at 1521-22.

In *VanderKodde v. Mary Jane M. Elliott, P.C*., 951 F.3d 397, 402 (6th Cir. 2020), the Sixth Circuit considered the doctrine's application in an FDCPA case in which the plaintiffs had alleged that the defendants sought state court writs of garnishment with higher post-judgment interest than permitted under state law. The writs of garnishment followed debt-collection actions in state court that the debtors had lost. The federal defendants argued that *Rooker-Feldman* barred the plaintiff's FDCPA claims challenging the later garnishment proceedings. The Sixth Circuit disagreed, in part because *Rooker-Feldman* applies only to a collateral attack on a state court "judgment" and "[a] writ of garnishment is not a judgment – it is the result of a ministerial process." *Id*., 951 F.3d at 402. The court explained that it was the garnishment and not the underlying judgment that was the source of the injury.

> We determine whether *Rooker-Feldman* bars a claim by looking to the "source of the injury the plaintiff alleges in the federal complaint." *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006). If the source of the plaintiff's injury is the state-court judgment itself, then *Rooker-Feldman* applies. *Id*. "If there is some other source of injury, such as a third party's actions, then the plaintiff asserts an independent claim." *Lawrence v. Welch*, 531 F.3d 364, 368–69 (6th Cir. 2008) (quoting *McCormick*, 451 F.3d at 394). "A court cannot determine the source of the injury 'without reference to [the plaintiff's] request for relief.'" *Berry*, 688 F.3d at 299 (alteration in original) (quoting *Evans v. Cordray*, 424 Fed. Appx. 537, 539 (6th Cir. 2011)).

*Id*.

A number of cases similarly have held that *Rooker-Feldman* does not bar FDCPA claims when the plaintiff alleges a separate injury apart from the state-court judgment.

13

Like *VanderKodde*, many of those cases involve allegedly false statements made in garnishment proceedings used to collect on the underlying state court judgments. When a plaintiff does not attack the judgment itself, then *Rooker-Feldman* does not apply. *Id*.; *accord Van Hoven v. Buckles & Buckles, P.L.C*., 947 F.3d 889 (6th Cir. 2020) (FDCPA claims that challenged debt collector's improper addition of fees to verified statement in garnishment proceeding was not barred by *Rooker-Feldman*); *Todd v. Weltman, Weinberg & Reis Co.*, 434 F.3d 432, 437 (6th Cir. 2006) (*Rooker–Feldman* did not deprive the district court of subject matter jurisdiction over plaintiff's federal FDCPA claim that defendant failed to investigate whether debtor's property was exempt before filing a false affidavit in post-judgment garnishment proceeding).

At least one court has held that *Rooker-Feldman* also does not bar an independent claim of fraud in obtaining the state court judgment. *Whittiker v. Deutsche Bank Nat. Tr. Co.*, 605 F. Supp. 2d 914, 921-22 (N.D. Ohio 2009) (plaintiffs' FDCPA claims that defendants made false representation that mortgage debts were owed to trustee were not barred, because the source of the injury was the allegedly false information provided by defendants in the underlying foreclosure proceedings to obtain judgments, not the foreclosure judgments themselves). But the undersigned must respectfully disagree with the suggestion that *any* claim filed under the FDCPA is, by definition, an "independent" federal claim that is not barred by *Rooker-Feldman*. *See*, *e.g.*, *Karakoudas v. Levy*, No. 1:20-cv-395, 2020 WL 4432930, at *2 (N.D. Ohio, July 31, 2020) (citing *VanderKodde*, 951 at 402-404); *Burke v. Lawrence & Lawrence, PLLC*, No. 3:15-CV-00861-GNS-CHL, 2018 WL 1440837, at *2 (W.D. Ky., March 22, 2018) (same, discussing cases).

The fact that *Exxon Mobil Corp.* reigned in the once-overbroad application of *Rooker-Feldman* does not mean that it has no application to FDCPA claims at all. Rather, the Sixth Circuit has made clear that when a plaintiff identifies the state court's prior judgment in a debt collection case as the *only* injury, and seeks relief that would overturn that judgment, *Rooker-Feldman* continues to apply. *See, e.g.*, *Pletos v. Makower Abatte Guerra Wegner Vollmer, PLLC,* 731 Fed. Appx. 431, 435 (6th Cir. 2018) (holding that FDCPA and other claims were barred by *Rooker-Feldman*, rejecting argument that the lawsuit presented an independent challenge to a third party's actions seeking to collect on that judgment); *Givens v. Homecomings Fin.*, 278 Fed. Appx. 607, 608-09 (6th Cir. 2008) (*Rooker-Feldman* barred FDCPA claim that defendants failed to provide debtor with sufficient verification of his debt and seeking only an injunction to keep defendants from entering the property at issue).

To determine whether *Rooker-Feldman* applies here, the undersigned begins by examining the relief sought by Plaintiff, which includes compensatory damages of $250,000 for "defamation of my reputation," punitive damages "in the amount of $1,3000,000: for predatory lending practices," and a "[p]ermanent injunction on the improper garnishment and lien filed on my real property…" (Doc. 1, PageID 5). The relief sought by Plaintiff suggests that part of her injury may stem from the separate garnishment proceeding, but that much of it arises from the state court judgment itself.

The allegations of the complaint do little to further illuminate the source of her injury. Plaintiff alleges that her "reputation has been harmed significantly in regards to the garnishment filed against me" based on her position as a "Chief Financial Manager" of an unidentified entity. (Doc. 1, PageID 5). She also alleges that Defendant Weltman "falsely

represented the character, amount, or legal status of Plaintiff's alleged debt," but she includes no factual allegations at all to support that rote legal conclusion.

In her response to Defendants' motions to dismiss, Plaintiff flatly denies that the source of her injury is "rooted in the state court judgment," arguing instead that she "presents an independent claim of illegal debt collection." (Doc. 19, PageID 222). But again, she includes no factual allegations or other explanation of what any Defendant did to violate the FDCPA, or in what manner the debt collection was "illegal." Last, in what the undersigned construes as an allusion to her earlier argument that Capital One had no legal authority to issue her a credit card, she concludes that her claim of injury "initiated from the beginning with deception of fraud upon conducting the consumer credit transaction." (Doc. 19, PageID 222).

Taken as a whole, most of Plaintiff's claims (if not all) appear to challenge the state court judgment itself and therefore are likely barred by *Rooker-Feldman*. Still, mindful of the liberality with which this Court must construe Plaintiff's pro se complaint, and informed by a general reluctance to apply *Rooker-Feldman* too broadly, I do not recommend dismissal of the entirety of Plaintiff's claims on that basis. *See Firestone v. CitiMortgage, Inc.*, No. 5:19-cv-1539, 2022 WL 3348622, at *6 (N.D. Ohio, Aug. 12, 2022) (applying doctrine to the extent that plaintiff alleged injury from court foreclosure rulings, but not to the extent that plaintiff alleged fraudulent conduct before and during the foreclosure proceedings where scope of relief sought by plaintiff suggested that claims may not be "entirely foreclosed by *Rooker-Feldman*). Instead, I recommend dismissal for failure to state a claim under Rule 12(b)(6).

### 2.  State Law Preclusion

Defendants' last argument is that any possible claims are barred by the doctrines of issue preclusion and claim preclusion, meaning that Plaintiff is foreclosed from re-litigating claims that were raised in state court, or that could have been raised in the underlying debt collection case. Plaintiff does not respond to this argument. Although the undersigned finds Defendants' unopposed preclusion arguments to be well-taken, there is no need to discuss them on the merits given the foregoing analysis that Plaintiff's complaint should be dismissed in its entirety for multiple other reasons.

### IV.  Conclusion and Recommendation

For the reasons stated, **IT IS RECOMMENDED THAT** Defendants' motions to dismiss Plaintiff's complaint for failure to state a claim under Rule 12(b)(6) (Docs. 14, 18) be **GRANTED**, and that this case be closed.


 _/s/Stephanie K. Bowman_____
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

VALERIE Y. BARNES                                    Case No. 1:23-cv-182

      Plaintiff,                                    McFarland, J.
                                                     Bowman, M.J.

          v.

CAPITAL ONE FINANCIAL
CORPORATION, ET AL.,

      Defendants

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

18